[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 4, 2008
THOMAS K. KAHN
CLERK

No. 08-12454
Non-Argument Calendar
_____

D. C. Docket No. 90-00126-CR-002-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRED CRENSHAW, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(November 4, 2008)

Before BIRCH, HULL and FAY, Circuit Judges.

PER CURIAM:

Fred Crenshaw, III, appeals the district court's 12-month sentence following the revocation of his supervised release. He primarily argues that the court's sentence, imposed two months above the applicable Chapter Seven guideline range of four to ten months' imprisonment, was unreasonable because his violations of the supervision conditions were minor, technical, and inadvertent. He also argues that the court failed to account for certain factors under 18 U.S.C. § 3553(a) and did not provide a specific basis for its sentence. For the reasons set forth below, we affirm.

## I.

In 1992, a jury found Crenshaw guilty on federal charges of aggravated sexual abuse and aiding and abetting. The district court sentenced Crenshaw to a term of 160 months' imprisonment, to be followed by 3 years of supervised release.

In 2003, the district court modified the conditions of Crenshaw's supervised release, requiring him to participate in a sex offender treatment program, as directed by the probation officer. The following month, Crenshaw was arrested for assaulting his wife, with whom he was going through a divorce. Following this arrest, the probation officer alleged that Crenshaw violated the conditions of his supervised release because he violated state law as a result of the domestic assault

2

and failed to attend the sex offender treatment as directed. The court revoked Crenshaw's supervised release and sentenced him to a total of 60 months' imprisonment, to be followed by 3 years of supervised release. That three-year period of supervised release began upon Crenshaw's release from custody in November 2007.

In December 2007, the probation officer petitioned the court for a modification of Crenshaw's conditions of supervised release. "Due to [Crenshaw's] prior conviction for a sex offense and his history of violence," the probation officer recommended imposing special conditions on Crenshaw's supervised release. One of these proposed conditions prohibited Crenshaw from having "contact with anyone under the age of 18 unless accompanied by a responsible adult (approved by the probation officer) who is aware of the defendant's patterns of sexual abuse." In January 2008, the district court granted the petition for modification, which included the above condition.

In March 2008, the probation officer petitioned the district court to issue a warrant or summons for Crenshaw based on two alleged violations of the conditions of his supervised release. First, the probation officer alleged that Crenshaw violated the standard condition of his supervised release that he notify the probation officer regarding any change in residence. The probation officer

3

explained that Crenshaw had informed a different probation officer that he regularly spent the night at his girlfriend's house, a fact that he had not shared with the petitioning probation officer. Second, the probation officer alleged that Crenshaw violated the special condition of his supervised release prohibiting him from having unauthorized contact with anyone under the age of 18. The probation officer explained that Crenshaw informed a polygraph examiner that:

> he has had contact with several individuals under the age of 18 in which he has not advised this officer. The offender stated that he has been in contact with the 13-year old son of his girlfriend as he resides with her. This information has been verified by the offender's girlfriend. Prior to his polygraph examination, Crenshaw reported no contact with minors and did not request approval to be around minors as directed by the Court.

The probation officer therefore requested that the court revoke Crenshaw's supervised release, and the court issued a warrant for Crenshaw's arrest.

The following month, the district court held a hearing on the probation officer's petition to revoke Crenshaw's supervised release. At the hearing, Crenshaw conceded to both of the probation officer's allegations. After the parties addressed the court, the district judge – being the same judge who had presided over Crenshaw's trial – emphasized that he and Crenshaw had nearly two decades of history together. The court then stated:

> When one is convicted and designated a sexual offender, different treatment is prescribed. You have that designation, and rightly so.

4

> Your case was reviewed by many courts and many judges. Therefore, restrictions are placed upon you that other people do not have upon them, including defendants. So your conduct is always, and location, and associations are always going to be of immense concern, not only to the Court but to all law enforcement officers and citizens.

The court explained that the probation officer acted as a proxy of the court, and when the probation officer gave Crenshaw instructions, they were equivalent to instructions given by the court itself. The court emphasized that Crenshaw knew the consequences of violating the conditions of his supervision, as the court had previously revoked his supervised release. The court acknowledged that there was no allegation or innuendo that Crenshaw had engaged in any improper relationship with a minor, but stated that, "nevertheless, exposure of a sexual offender to people under 18 is of great concern to the Court." The court sentenced Crenshaw to 12 months' imprisonment and stated that it had considered the Sentencing Commission's Chapter 7 policy statements. Defense counsel objected to the sentence on the ground that it exceeded the applicable guideline range.

The court's written judgment adjudicated Crenshaw guilty of both charges in the probation officer's petition, namely, failure to notify the probation officer of a change in residence and unauthorized contact with a person under the age of 18. However, the court imposed its sentence of 12 months' imprisonment only as to the latter violation. The court also included written findings summarizing

5

Crenshaw's criminal history and repeating the reasons it gave at the revocation hearing for imposing the sentence it did. Specifically, the court reiterated that: it had been dealing with Crenshaw for nearly two decades; because Crenshaw was designated as a sex offender, the restrictions placed upon him were designed to monitor his whereabouts closely, and his associations would always be of immense concern to the court; although there was no assertion that Crenshaw had inappropriate sexual or violent contact with a minor, he still violated the conditions of his supervision by engaging in unauthorized contact with a minor; and the court had imposed its sentence after considering the policy statements in Chapter Seven.

**II.**

After United States v. Booker, 543 U.S. 220, 264, 125 S.Ct. 738, 767, 160 L.Ed.2d 621 (2005), we review a sentence imposed upon revocation of supervised release for reasonableness. United States v. Sweeting, 437 F.3d 1105, 1106-07 (11th Cir. 2006). The Supreme Court has clarified that we review a sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. __, __, 128 S.Ct. 586, 591, 594, 597, 169 L.Ed.2d 445 (2007); United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008). Similarly, we review for abuse of discretion a district court's decision to exceed the sentencing range in Chapter Seven of the Sentencing Guidelines. United States v. Silva, 443 F.3d 795, 798

6

(11th Cir. 2006). The party challenging the sentence bears the burden of establishing that the sentence was unreasonable. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

"Under 18 U.S.C. § 3583(e), a district court may, upon finding by a preponderance of the evidence that a defendant has violated a condition of supervised release, revoke the term of supervised release and impose a term of imprisonment after considering certain factors set forth in 18 U.S.C. § 3553(a)." Sweeting, 437 F.3d at 1107; see 18 U.S.C. § 3583(e)(3). Under § 3583(e), the relevant § 3553(a) factors that the court must consider are: 1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to afford adequate deterrence to criminal conduct; (3) the need to protect the public from further crimes of the defendant; (4) the need to provide the defendant with the most effective correctional treatment; (5) the Sentencing Guidelines range and pertinent policy statements of the Sentencing Commission; (6) the need to avoid unwanted sentencing disparities; and (7) the need to provide restitution to victims. See 18 U.S.C. § 3583(e), cross referencing 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7).

In Chapter Seven of the Guidelines, the Sentencing Commission promulgated non-binding policy statements governing the violation of supervised

release.  See United States v. Hofierka, 83 F.3d 357, 361 (11th Cir. 1996) (holding

that the policy statements in Chapter Seven are non-binding).  We have held that

because the Chapter Seven Guidelines are advisory, it is "enough that there is some

indication the district court was aware of and considered them."  United States v.

Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000).  This is true even where the

district court exceeds the applicable guideline range established by Chapter Seven.

Silva, 443 F.3d at 799.

## III.

As an initial matter, Crenshaw argues that his sentence was unreasonable in

light of the court's obligation to consider the applicable policy statements.

However, the district court in this case expressly stated that it had considered the

Chapter Seven policy statements, and nothing more is required under our case law.

Silva, 443 F.3d at 799.  Similarly, Crenshaw argues that his sentence was

unreasonable in light of the court's obligation to ensure that its sentence reflects

the seriousness of the offense, promotes respect for the law, and provides just

punishment for the offense.  However, these are the sentencing factors listed in 18

U.S.C. § 3553(a)(2)(A), and the district court is not obligated to consider

§ 3553(a)(2)(A) when imposing a sentence following the revocation of supervised

release.  18 U.S.C. § 3583(e)(3) (requiring the court to consider the factors in

§ 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7), but not § 3553(a)(2)(A)).

Crenshaw's primary argument is that his two violations were minor, technical, and inadvertent. It is unnecessary to address this argument in connection with Crenshaw's change-of-residence violation because, although the court adjudicated him guilty of that charge, the written judgment indicates that the court only sentenced Crenshaw for his unauthorized contact with a minor.

With respect to that violation, Crenshaw has not met his burden to show that his unauthorized contact with a minor was minor, technical, or inadvertent. Crenshaw's only argument in this regard is that he conceded to and apologized for this violation and that the minor child involved in the violation was his girlfriend's son. While the alleged unauthorized-contact violation did involve his girlfriend's 13-year old son, the probation officer also alleged that Crenshaw admitted having unauthorized contact with "several individuals under the age of 18," an allegation to which Crenshaw conceded at the revocation hearing.

Further, it is unclear why Crenshaw's unauthorized contact with his girlfriend's minor son, as opposed to another minor, would constitute a minor or technical violation of his supervised release. In this regard, the court emphasized that Crenshaw was properly designated as a sex offender, which meant that his conduct, location, and associations would always be of "immense concern" to the

9

court, law enforcement officers, and citizens. Thus, despite acknowledging that there was no allegation that Crenshaw engaged in inappropriate conduct with a minor, the court emphasized that "exposure of a sexual offender to people under 18 [was] of great concern to the Court." The court's concern finds support in the commentary to a Chapter Seven policy statement. See U.S.S.G. § 7B1.4, comment. (n.3) ("In the case of a Grade C violation that is associated with a high risk of new felonious conduct (e.g., a defendant, under supervision for conviction of criminal sexual abuse, violates the condition that he not associate with children by loitering near a schoolyard), an upward departure may be warranted.").

Finally, Crenshaw contends that the court did not "provide a specific basis for its departure from the recommended Guidelines range." However, the district court did provide specific reasons for its sentence. In addition to the court's above discussion of Crenshaw's status as a sex offender and its concern over his whereabouts and contact with minors, the court further justified the sentence on the ground that it had nearly two decades of experience dealing with Crenshaw, having presided over his trial 18 years earlier. In this respect, the court explained that it had previously revoked Crenshaw's supervised release and, for this reason, Crenshaw should have been aware that there would be consequences for violating the conditions of his supervision. The court also pointed out that disregarding the

instructions of the probation officer was tantamount to disregarding instructions given by the court itself. Thus, in light of this reasoning, there is no merit to Crenshaw's assertion that the court did not provide a specific basis for its sentence.

In sum, Crenshaw's unauthorized contact with minors was not a minor or technical violation of his supervision, and the district court considered the Chapter Seven policy statements and sufficiently explained the reasons for its above-guideline range sentence. Thus, Crenshaw has not met his burden to show that his sentence was unreasonable. Accordingly, we affirm.

**AFFIRMED.**